# YOUNGBLOOD CORCORAN LAFFERTY HYBERG & WALDMAN P.A.

COUNSELLORS AT LAW

3205 Fire Road
Post Office Box 850
Pleasantville, NJ  08232
Tel 609.645.2201   Fax 609.645.8959
www.yclegal.com

**RANDOLPH C. LAFFERTY**
CERTIFIED BY THE SUPREME COURT
OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

DIRECT DIAL: 609.645.2221 Ext. 241
rlafferty@yclegal.com

June 04, 2004
**Via:   ELECTRONIC FILING**

Honorable Joseph E. Irenas, USDJ
**United States District Court**
**District of New Jersey**
Mitchell H. Cohen US Courthouse
1 John F. Gerry Plaza
Camden, New Jersey  08101

RE:   **Bonds/Gadson vs. Flagship, Et Als**
      **Our File No.  N23329-RL**
      **Civil Action No.:  1:01cv06118(JEI)**

Dear Judge Irenas:

At the close of court yesterday, I indicated to Your Honor that I would be requesting an instruction to the jury relative to the unemployment benefits received by Paulino Bonds and Gloria Gadson. Specifically, I indicated that I would be asking the Court to direct the jury to disregard the actual payment of unemployment benefits and that any such benefits received should not be credited to the Defendant relative to damages.

In support of this proposition, I would direct the Court's attention to the cases of *Craig vs. Y&Y Snacks, Inc.*, 721 F.2d 77 (1983) which is a Third Circuit Court of Appeals decision related to back pay awarded under Title VII. Additionally, I would direct the Court's attention to *Sporn vs. Celebrity, Inc.*, 129 NJ Super 449 (Law Div. 1974) which dealt with a similar issue involving a wrongful discharge of an employee. Although neither of these cases deal with the FEPPA, they do deal with wrongful termination and the damages recoverable pursuant to remedial legislation. In both instances, the Court concluded that the prophylactic policy of such remedial legislation is better served by not deducting unemployment benefits from backpay awards. There is an additional issue in that the employee actually contributes to unemployment insurance. The Court in *Sporn* noted as follows:

# Youngblood Corcoran Lafferty Hyberg & Waldman P.A.

Honorable Joseph E. Irenas, USMJ
Bonds/Gadson vs. Flagship, Et Als
May 14, 2004
Page 2

> The Court, therefore, concludes that the reasons for denying mitigation are more persuasive in that an employer should not have a benefit conferred upon him when he is the wrongdoer, although he partially paid for unemployment benefits ... in no event should he receive the benefit of that share of the payments attributable to any contributions of the employee. *Id*. at 459.

The Court in *Sporn* further concluded as follows:

> If the concern is to prevent a windfall to the employee, then the remedy would appear to lie in the legislative action to provide a system of subrogation or reimbursement of the appropriate government agency. (citation omitted). *Id*. at 460.

For the foregoing reasons, it is respectfully requested that the jury be charged that the Defendant is not to receive any credit for unemployment benefits received.

Your Honor's kind attention to the above is greatly appreciated.

Respectfully,

Randolph C. Lafferty

RCL/dm
*(Dictated Not Read)*
CC:   Karen M. Williams, Esquire  (Via:  FACSIMILE (*Only*))
      FACSIMILE NUMBER:  (973) 824-6061
      Louis M. Barbone, Esquire  (Via:  FACSIMILE (*Only*))
      FACSIMILE NUMBER:  (609) 348-3774
      Mark Pfeffer, Esquire      (Via:  FACSIMILE (*Only*))
      FACSIMILE NUMBER:  (609) 347-6024
      Mr. Paulino Bonds
      Ms. Gloria Gadson