IN THE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIELLE LYLES, | : | Civil Action |
|     Plaintiff, | : | No. 01-CV-6118 (JEI) |
|         v. | : | |
| FLAGSHIP RESORT DEVELOPMENT | : | |
| CORPORATION, INC., et al., | : | |
|     Defendants. | : | |
| PAULINO BONDS and GLORIA | : | Civil Action |
| GADSON, | : | No. 02-CV-1576 (JEI) |
|     Plaintiffs, | : | |
|         v. | : | |
| FLAGSHIP RESORT DEVELOPMENT | : | |
| CORPORATION, INC., et al., | : | |
|     Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANT FLAGSHIP RESORT
DEVELOPMENT CORP., INC.'S MOTION FOR LEAVE TO
RECONSIDER SUMMARY JUDGMENT IN LIGHT OF
NEW PRECEDENT, OR FOR § 1292(b) CERTIFICATION**

Louis M. Barbone, Esq. (LMB-5957)
JACOBS & BARBONE, P.A.
A Professional Corporation
1125 Pacific Avenue
Atlantic City, N.J. 08401
(609) 348-1125

Arlin M. Adams, Esq.
Bruce Merenstein, Esq.
SCHNADER HARRISON SEGAL & LEWIS
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

Karen M. Williams, Esq. (KMW-6470)
JASINSKI & WILLIAMS, P.C.
Old Guaranty Trust Building
1125 Atlantic Avenue, Suite 617
Atlantic City, N.J. 08401
(609) 348-9300

Dennis Richard, Esq.
RICHARD AND RICHARD, P.A.
825 Brickell Bay Drive, Suite 1748
Miami, FL 33131
(305) 374-6688

*Attorneys For Defendant Flagship Resort Development Corp., Inc.*

## TABLE OF CONTENTS

**PAGE(S)**

**TABLE OF CITATIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO RECONSIDER SUMMARY JUDGMENT IN LIGHT OF NEW PRECEDENT, OR FOR § 1292(b) CERTIFICATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1.  *PER NEW PRECEDENT, THE REQUESTS THAT PLAINTIFFS TAKE POLYGRAPH TESTS ARE EXEMPT UNDER EPPA* . . . . . . . . . 2

2.  *PLAINTIFFS' CLAIMS NOW REST ENTIRELY ON A POLYGRAPH TEST GIVEN TO SOMEONE OTHER THAN PLAINTIFFS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3.  *ALTERNATIVELY, THE QUESTIONS OF LAW ON WHICH THIS CASE TURNS SHOULD BE CERTIFIED TO THE THIRD CIRCUIT UNDER 28 U.S.C. § 1292(b)* . . . . . . . . . . . . . . . . . . . . . . . 8

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**PROOF OF MAILING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**PROOF OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF CITATIONS

**PAGE(S)**

**CASES**

*Katz v. Cart Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974) .................................... 10

*Kenworthy v. Hargrove*,
    826 F.Supp. 138 (E.D. Pa. 1993) ................................ 10

*Levine v. United Healthcare Corp.*,
    285 F.Supp. 552 (D. N.J. 2003) ................................. 10

*Polkey v. Transtecs Corp.*,
    404 F.3d 1264 (11th Cir. 2005) .................................. 3

*Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*,
    401 F.3d 123 (3rd Cir. 2005) .................................... 9

*Storino v. Borough of Point Pleasant Beach*,
    322 F.3d 293 (3rd Cir. 2003) .................................... 5

*Sullivan v. Stroop*,
    496 U.S. 478 (1990) ............................................ 6

*U.S. v. Baker*,
    221 F.3d 438 (3rd Cir. 2000) .................................... 5

**STATUTES**

28 U.S.C. § 1292(b) ........................................... 1, 2, 8-11

29 U.S.C. § 2001(3) ................................................ 7

29 U.S.C. § 2002(1) ................................................ 6

29 U.S.C. § 2002(2) ................................................ 6

29 U.S.C. § 2002(3)(A) ............................................. 6

29 U.S.C. § 2002(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

29 U.S.C. § 2006(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

29 U.S.C. § 2006(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

29 U.S.C. § 2006(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

29 U.S.C. § 2006(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

29 U.S.C. § 2006(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 2006(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 2006(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 2006(d)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9, 10

29 U.S.C. § 2006(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 2006(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 2007(b)(2)(D)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

29 U.S.C. § 2007(b)(2)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

29 U.S.C. § 2007(b)(4)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

29 U.S.C.A., Section 2006(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**RULES**

Fed.R.App.P. 5(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed.R.App.P. 5(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## REGULATIONS

29 C.F.R. Pt 801, App. A5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 C.F.R. § 801.1 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 C.F.R. § 801.12(a) (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## OTHER AUTHORITIES

S.Rep. No. 284, 100th Congress, 2nd Sess. (1988), *reprinted in* 1988
     U.S.C.C.A.N. 726 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO RECONSIDER SUMMARY JUDGMENT IN LIGHT OF NEW PRECEDENT, OR FOR § 1292(b) CERTIFICATION

Defendant, Flagship Resort Development Corporation, Inc. ("Flagship") moves for leave to seek reconsideration of the Court's denial of summary judgment or, in the alternative, certification of controlling questions of law to the Third Circuit under 28 U.S.C. § 1292(b), on the ground that a recent federal court of appeals decision undermines the entire basis of plaintiffs' cause of action.

Under an exemption to the Employee Polygraph Protection Act ("EPPA"), an employer may request that an employee take a polygraph exam as part of an "ongoing investigation." One requirement of the exemption is that the employer provide a written notice to the "examinee" prior to conducting the polygraph exam. However, as the Eleventh Circuit recently held, in the only appellate decision to address the issue, the notice requirement *does not apply* to employees who are only requested to take an exam but *do not actually take one*. Because it is undisputed that plaintiffs never took a polygraph exam, the notice requirement did not apply to them, and their EPPA claims, on the basis of requests that they take polygraph exams, fail. Should this Court choose not to follow the Eleventh Circuit's decision, certification of this question under 28 U.S.C. § 1292(b) is warranted.

Because the notice requirement — the only ground for denying Flagship use of the investigatory exemption — does not apply to plaintiffs, their case rests solely

1

on the argument that they may bring an EPPA claim on the basis of a polygraph exam administered to another employee. This contention is unsupported by the law and judgment therefore should be entered for defendant or, in the alternative, this Court should certify this question to the Third Circuit under 28 U.S.C. § 1292(b).

**1.**  ***PER NEW PRECEDENT, THE REQUESTS THAT PLAINTIFFS TAKE POLYGRAPH TESTS ARE EXEMPT UNDER EPPA***

This Court denied Flagship the "ongoing investigation" exemption – as to the *requests* of Flagship's investigator that plaintiffs take polygraph tests – because Flagship did not provide plaintiffs the written notice described in 29 U.S.C. § 2006(d)(4) (EPPA). Transcript of Hearing, 3/29/04, p. 24:

> THE COURT: ". . . I find that the failure to execute the statement of - - required by 2006(d)(4), fatally dooms the availability of this [exemption] . . . in respect to the request to take the test of the three plaintiffs. . . .

Since that ruling, indeed since the jury's verdict and the post-trial motions, the first appellate precedent on this subsection of EPPA has been published, to wit:

> As an initial matter, we agree with the district court's holding that [the employer] was not required to provide [the employee] with the signed written notice required by § 2006(d)(4) at the time of its polygraph request. The statute requires only that the statement be "provided to the examinee before the test." 29 U.S.C. § 2006(d)(4). The statute differentiates between "employees" and "examinees;" while the other elements of the ongoing investigation exemption apply to "employees" more broadly, only "examinees" must be provided with a signed written notice. Because [the employee] ultimately refused

2

> the polygraph exam, she never became an "examinee," and [the employer] accordingly never became obligated to provide her with the signed written notice required by § 2006(d)(4).

*Polkey v. Transtecs Corp.*, 404 F.3d 1264, 1269-70 (11th Cir. 2005) (footnotes omitted).

All of the "other elements of the ongoing investigation exemption" are present here. There was "an ongoing investigation involving economic loss or injury to" Flagship's business. 29 U.S.C. § 2006(d)(1).[1] Plaintiffs had access to the property that was the subject of the investigation. *Id.*, § 2006(d)(2).[2] Flagship had a reasonable suspicion that plaintiffs were "involved in the incident or activity under investigation." *Id.*, § 2006(d)(3).[3]

Therefore, based upon the first (and only) appellate precedent on this issue, the requests of Flagship's investigator – that plaintiffs take polygraph tests – are within the "ongoing investigation" exemption.

**2.     *PLAINTIFFS' CLAIMS NOW REST ENTIRELY ON A POLYGRAPH TEST GIVEN TO SOMEONE OTHER THAN PLAINTIFFS***

---

[1] During trial, the Court observed the impact of this incident on Flagship's "telemarketing operation, which was the life blood in a sense of Flagship . . . ." Trial Transcript, p. 1237. In addition, Flagship reimbursed Blake $2,000. *Id.*, p. 938.

[2] The plaintiffs were physically present in the space at the time of the alleged theft.

[3] The victim, Blake, named the plaintiffs as the suspects when reporting the incident to Flagship.

3

A non-party to this case, Charlotte Blake, voluntarily took a polygraph examination to establish that her money was stolen while she was at work at Flagship. Trial Transcript, pp. 934-935. At trial, this Court stated that if Flagship had followed the statutory process for taking the third party (Blake's) polygraph, the Court "would have interpreted the act to say that you can't impose liability as a result of a lawfully obtained polygraph." Trial Transcript, p. 564. As set forth below, particularly when viewed in light of the Eleventh Circuit's statutory construction of who is an "examinee" (*infra*, pp. 1-2), plaintiffs cannot base their claims on the polygraph of someone other than themselves.

Had Flagship followed the statutory process for taking Blake's polygraph, she would have been given a written statement that:

> . . . Employers who violate this law are liable to the *affected examinee*, who may recover such legal or equitable relief as may be appropriate, including, but not limited to, employment, reinstatement, and promotion, payment of lost wages and benefits, and reasonable costs, including attorney's fees.

29 C.F.R. Pt 801, App. A5 (emphasis added). None of the plaintiffs, not Bonds, not Gadson, not Lyles, were examinees. Even if Flagship had followed the statutory procedure for Blake's polygraph, only Blake, not the plaintiffs, would be required to sign the "written notice" which informed her "of the legal rights and remedies available to the *examinee* if the polygraph test is not conducted in accordance with

4

this chapter." 29 U.S.C. § 2007(b)(2)(D)(iv) (emphasis added). Only Blake, not the plaintiffs, would have been "provided an opportunity to review all questions to be asked during the test" and been "informed of the right to terminate the test at any time." 29 U.S.C. § 2007(b)(2)(E). Only Blake, not the plaintiffs, would have been entitled to the protection of 29 U.S.C. § 2007(b)(4)(B)(i) which provides: "Before any adverse employment action, the employer shall . . . provide the *examinee* with . . . a written copy of any opinion or conclusion rendered as a result of the test . . . ." (emphasis added).

Neither Bonds nor Gadson nor Lyles could say "I did not sign a written notice informing me 'of the legal rights and remedies available to the *examinee* . . . .'" Not being "examinees," neither Bonds, nor Gadson, nor Lyles could protest that "[b]efore any adverse employment action" was taken against me, Flagship was required "to provide the *examinee* with . . . a written copy of any opinion or conclusion rendered as a result of the test . . . ."

"In general, a litigant may assert only his own legal rights or interests, and can not 'rest a claim to relief on the legal rights or interests of third parties.'" *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 298-99 (3rd Cir. 2003); *cf. U.S. v. Baker*, 221 F.3d 438, 442 (3rd Cir. 2000) ("'[A] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a

5

search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.'").

The requests of Flagship's investigator, that *plaintiffs* take polygraph tests, are exempt under EPPA as now construed by the only appellate precedent. *Infra*, pp. 1-2. Therefore, plaintiffs' claims rest entirely on their position that the EPPA prohibition – against discharging an employee "on the basis of any lie detector test" – means any *person's* lie detector tests, as opposed to any *type* of lie detector test. 29 U.S.C. § 2002(3)(B). However, basic rules of statutory construction preclude plaintiffs' interpretation of EPPA.

The "normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (internal quotations omitted). The phrase "any lie detector test" is used in seven provisions of EPPA. *See* 29 U.S.C. § 2002(1), § 2002(2), § 2002(3)(A), § 2002(3)(B), § 2006(b)(1), § 2006(b)(2), and § 2006(c). The phrase only makes sense in all seven provisions if one understands it to mean "any *type* of lie detector test."

For example, in 29 U.S.C. § 2002(1), EPPA makes it unlawful for an employer to "directly or indirectly require, request, suggest, or cause any employee or prospective employee to take or submit to *any lie detector test*." (Emphasis added). The phrase cannot mean the "lie detector test of *any person*" and still make sense,

6

unless Congress intended to ban the practice of an employer requesting that an employee submit to another person's lie detector test. Instead, as the structure of EPPA demonstrates, the phrase "any lie detector test" used in this section and consistently throughout EPPA means "any *type* of lie detector test."

The provisions in EPPA distinguish between when "any lie detector test" is permissible or impermissible, and when only a certain *type* of lie detector test is permissible. "Lie detector" is a general term that encompasses many types of devices including "a polygraph, deceptograph, voice stress analyzer, psychological stress evaluator, or any other similar device . . . ." 29 U.S.C. § 2001(3); *see also* S.Rep. 284, 100th Cong., 2nd Sess. (1988), at 47 *reprinted in* 1988 U.S.C.C.A.N. 726, 734-35 ("The Committee intends the definition of lie detector to be broad, so as to encompass known devices . . . as well as devices which might be marketed in the future as purported 'lie detectors.'").

Congress made a decision to allow certain entities to administer any type of lie detector test but limit other entities to a polygraph test. Thus, when performing an "intelligence or counterintelligence function," the federal government may administer "*any* lie detector test," while private employer exemptions only permit "*polygraph*" tests. 29 U.S.C. § 2006(b)(1), (2), (c), (d), (e), (f) (emphasis added). *See also,* 29 C.F.R. § 801.1 (2005) ("Polygraph tests, *but no other types of lie detector tests*, are permitted under limited circumstances subject to certain restrictions.") (emphasis

7

added); 29 C.F.R. § 801.12(a) (2005) ("An employer may request an employee . . . to submit to a polygraph test, *but no other type of lie detector test* . . . .") (emphasis added).

Applying the "normal rule of statutory construction," "any lie detector test" means the same in 29 U.S.C. § 2002(3)(B) as it does in all of the other provisions of EPPA. Thus, it is unlawful for an employer to discharge, discipline, or discriminate against any employee or prospective employee on the basis of the results of any *type* of lie detector test, not the lie detector test of *any person*. The phrase "any lie detector test" in 29 U.S.C. §2002(3)(B) does not afford plaintiffs (who were not given any lie detector test) a cause of action on the basis of someone else's polygraph test.

The Court should enter final summary judgment for defendant because, as set forth above, (1) Flagship is exempt from liability for requesting that plaintiffs take polygraph tests, and (2) the third party's polygraph test cannot form the basis of liability to plaintiffs.

**3.    *ALTERNATIVELY, THE QUESTIONS OF LAW ON WHICH THIS CASE TURNS SHOULD BE CERTIFIED TO THE THIRD CIRCUIT UNDER 28 U.S.C. § 1292(b)***

Title 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

8

> may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . .

The Third Circuit has, within the last six months, accepted an appeal under § 1292(b) where the case pivoted on questions of law for which there was no controlling precedent in the Third Circuit. *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 130 (3rd Cir. 2005). There is no controlling precedent in the Third Circuit relating to either of the questions of law on which this case turns, to wit: (1) whether the written statement of §2006(d)(4) is only required when a polygraph test is given, as the Eleventh Circuit has ruled, and (2) whether a third party polygraph test can form the basis of another person's claims.

Indeed, this Court repeatedly observed the absence of clear law as to the latter. *See, e.g.,* Trial Transcript at 565 (THE COURT: ". . . I'm not sure you really have clear law on the question . . . I don't know that there's a clear-cut case where, you know, they take somebody and rely on that polygraph, to take adverse action against another person"); at 1219 (emphasis added) (THE COURT: ". . . I have not seen a case anywhere, where the polygraph of [a third person] [w]ho is not fired, was then used - - arguably used to terminate a fellow-employee, as to what the act says about that. . . . *It may be that the Circuit agrees with you*."); at 1238 (THE COURT: ". . .

9

The issue, though, about the legal point - - legal point that the statute was never intended in the first instance to apply to a rather unusual situation we have here. We have a person whose adverse employment action was taken, and not the person who took the polygraph").

If this Court disagrees with the Eleventh Circuit's construction of § 2006(d)(4), then, *ipso facto*, there is substantial ground for difference of opinion. Moreover, the Third Circuit has ruled that there can be little difficulty over the requirements, of § 1292(b), that there be substantial ground for difference of opinion or that an immediate appeal may materially advance the ultimate termination of the case (including "settlement possibilities" and the "potential length of a possibly avoidable trial"), once it is certified by the district judge. *Katz v. Cart Blanche Corp.*, 496 F.2d 747, 751 (3d Cir. 1974); *see also Levine v. United Healthcare Corp.*, 285 F.Supp. 552, 557 (D. N.J. 2003) (district court finding substantial ground for difference of opinion as to its ruling because, *inter alia*, the law had changed between the time of the original ruling and the motion for certification, and certifying the question because "[e]ven though the Court's decision is supportable, the Court recognizes that the issues involved in this case are complex and subject to debate").[4/]

---

[4/] Applicable procedure calls for amendment of the relevant rulings to state the requisites of §1292(b). Fed.R.App.P. 5(a)(3); *Kenworthy v. Hargrove*, 826 F.Supp. 138, 139 (E.D. Pa. 1993) ("Following the plain and literal meaning of the language
(continued...)

10

## CONCLUSION

In light of new precedent, summary judgment should be entered against plaintiffs. In the alternative, the legal questions in this case should be certified to the Third Circuit pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

Attorneys for Defendant Flagship Resort Development Corp., Inc.

By:    /s/ *Louis M. Barbone*
Louis M. Barbone, Esq., one of its attorneys

| | |
|---|---|
| Louis M. Barbone, Esq. (LMB-5957) | Arlin M. Adams, Esq. |
| JACOBS & BARBONE, P.A. | Bruce Merenstein, Esq. |
| A Professional Corporation | SCHNADER HARRISON SEGAL & LEWIS |
| 1125 Pacific Avenue | 1600 Market Street, Suite 3600 |
| Atlantic City, N.J. 08401 | Philadelphia, PA 19103 |
| (609) 348-1125 | (215) 751-2000 |
| | |
| Karen M. Williams, Esq. (KMW-6470) | Dennis Richard, Esq. |
| JASINSKI & WILLIAMS, P.C. | RICHARD AND RICHARD, P.A. |
| Old Guaranty Trust Building | 825 Brickell Bay Drive, Suite 1748 |
| 1125 Atlantic Avenue, Suite 617 | Miami, FL 33131 |
| Atlantic City, N.J. 08401 | (305) 374-6688 |
| (609) 348-9300 | |

---

[4]/(...continued)
in Fed.R.App.P. 5(a), the Third Circuit permits a district court to amend an order at any time before final judgment to certify it for an interlocutory appeal under 28 U.S.C. § 1292(b)."). Two orders need such an amendment here, the Order denying motions for summary judgment, 1/23/03 (D.E. 23), and the Order partially granting a limine motion barring defendant from claiming the exemption of 29 U.S.C. § 2006(d), 3/30/04 (D.E. 35); Transcript of hearing on limine motions, 3/29/04, p. 1 (THE COURT: ". . . it's basically kind of almost a partial summary judgment motion, to bar the defendant from claiming the benefits . . . [of] . . . 29 U.S.C.A., Section 2006(d)").

11

## PROOF OF MAILING

The original of the within Brief in Support of Defendant Flagship Resort Development Corp., Inc.'s Motion for Leave to Reconsider Summary Judgment in Light of New Precedent, or for § 1292(b) Certification was forwarded to the Clerk of the United States District Court via electronic filing on August 18, 2005.

## PROOF OF SERVICE

A copy of the within Brief in Support of Defendant Flagship Resort Development Corp., Inc.'s Motion for Leave to Reconsider Summary Judgment in Light of New Precedent, or for § 1292(b) Certification was forwarded to Randolph Lafferty, Esq., of the law firm of Youngblood, Corcoran, Lafferty, Hyberg & Waldman, Attorneys for Plaintiffs Paulino Bonds and Gloria Gadson; and Mark Pfeffer, Esq., of the law firm of Goldenberg, Mackler, Sayegh, Mintz, Pfefffer, Bonchi & Gill, Attorneys for Plaintiff Danielle Lyles, at 1030 Atlantic Avenue, Atlantic City, New Jersey 08401, via electronic mail on August 18, 2005.

All of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ *Louis M. Barbone*
LOUIS M. BARBONE, ESQ.

Dated: 8/18/05

H:\FLAGSHIP\FLAG-GADS\Pleadings\initial brief in support of mt to reconsider sj.wpd